HERMAN MARX AND L. H. PEACOCK v. THE STATE.

No. 2511.    Decided February 25, 1903.

**Disorderly-House—Joint Defendants—Charge.**

On a trial for keeping a disorderly house, a charge of court, though not the law, was favorable to the two joint defendants, which instructed the jury to acquit both defendants if they believed that only one, or either of them, rented, etc., the house for disorderly purposes.

Appeal from the County Court of Ward. Tried below before Hon. J. A. Stewart, County Judge.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 against each of the defendants.

The indictment charged the defendants jointly with being the tenants of a house which they kept for purposes of prostitution, and where prostitutes were permitted to resort and reside for the purpose of plying their vocation, from the 2d, and on each succeeding day, to the 10th day of December, 1901.

The evidence showed that L. H. Peacock was running a saloon in the village of Rogersville. That he rented a house, which was some twenty or thirty feet from his saloon; and that, after he rented said house, two Mexican women occupied it and frequented his saloon. That these women were disorderly characters. The evidence was positive as to the fact that Herman Marx, the other defendant, had nothing to do with the renting and tenancy of said house, or with the saloon run by Peacock, though he had sold Peacock the liquors, etc., he was using in the saloon.

No further statement necessary.

*Howell Johnson,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State

HENDERSON, JUDGE.—Appellants were convicted of keeping a disorderly house, and their punishment assessed at a fine of $200 each; hence this appeal.

There was some testimony tending to show the guilt of Peacock; but if there was any evidence tending to show the guilt of Marx it was of a very meager character, and is not sufficient to sustain the verdict as far as said Marx is concerned.

As to the other appellant, Peacock, we understand him to complain of the following portion of the charge of the court: "If you believe from the evidence that only one or either of the defendants rented, leased, or hired the use of a house for purposes stated, then you will find both of them not guilty." It occurs to us that said charge, while not the law, because the jury could acquit one and convict the other, and the guilt of one was not dependent on the guilt of the other—yet said charge was favorable to appellant, and he can not complain.

Appellant also complains that the court did not draw a distinction between prostitutes and common prostitutes. We do not find anything in the record in this case that renders such a distinction necessary, even if such a distinction be conceded under our statutes regulating the keeping of disorderly houses.

We have carefully examined the record, and in our opinion the testimony is sufficient to sustain the conviction as to appellant Peacock, but it is not sufficient to sustain the conviction as to the other appellant, Marx. The judgment is therefore reversed and remanded as to said Marx, and affirmed as to appellant Peacock.

*Remanded as to Marx; affirmed as to Peacock.*